UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: UNILOC USA, INC., AND UNILOC
LUXEMBOURG, S.A., HPE PORTFOLIO
PATENT LITIGATION                                                               MDL No. 2830


ORDER DENYING TRANSFER


**Before the Panel:**[*] Patentholders Uniloc USA, Inc., and Uniloc Luxembourg, S.A., move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this patent litigation in the Northern District of Texas or, alternatively, the Western District of Texas. Defendants[1] oppose centralization and, alternatively, suggest selection of the Northern District of California as the transferee district. Western District of Washington defendant HTC America, Inc., suggests the Western District of Washington as the transferee district. This litigation consists of 25 patent infringement actions, pending in six districts, as listed on Schedule A.

On the basis of the papers filed and hearing session held, we are not persuaded that centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. All actions involve some common factual questions regarding the alleged infringement of one or more of seven Uniloc patents[2] that Uniloc purchased from Hewlett-Packard Enterprises. These patents relate (albeit at a high level of generality) to smartphones and other mobile devices (*e.g.*, tablets, smart watches, etc.) and the software that runs on such devices. Despite any factual questions shared among the actions, Uniloc has failed to demonstrate "that there is enough commonality to make centralization necessary or even advantageous." *In re: Charles R. Bobo Patent Litig.*, 829 F. Supp. 2d 1374, 1375 (J.P.M.L. 2011).

Moreover, the lack of commonality is evident by a number of measures. Foremost, only two of the seven patents are related, which makes it unlikely that the cases will involve a significant number of common claim terms. The patents were invented by eighteen separate inventors,

---

[*]     Judges Charles R. Breyer and Lewis A. Kaplan did not participate in the decision of this matter.

[1]     Apple Inc.; Huawei Device USA, Inc., Huawei Device Co. Ltd.; LG Electronics U.S.A., Inc., LG Electronics Mobilecomm U.S.A., Inc., LG Electronics, Inc.; HTC America, Inc.; Motorola Mobility, LLC; Peel Technologies, Inc.; Exclusive Group, LLC d/b/a Binatone North America, and Logitech Inc.

[2]     U.S. Patent Nos. 6,622,018; 6,580,422; 6,661,203; 6,161,134; 6,216,158; 6,446,127 and 7,092,671.

- 2 -

purportedly as a result of work conducted for at least two different companies – 3Com and Hewlett-Packard – in at least five different facilities over six years. Vastly different technology is implicated by these patents, which involve battery-charging circuitry, graphics systems, telephony, remote controls and distributed software servers. Further, the products at issue also vary significantly,[3] and all patents are not asserted against all defendants.[4] We have observed that centralization is "not a cure-all for every group of complicated cases." *In re: Uponor, Inc., F1960 Plumbing Fittings Prod. Liab. Litig.*, 895 F. Supp. 2d 1346, 1348 J.P.M.L. 2012). Uniloc has failed to convince us that placing this conglomeration of patent cases before a single judge will result in any meaningful efficiencies.

We encourage the parties to explore various alternatives to centralization. The defendants already have agreed to various measures to ensure that written discovery and depositions of Uniloc and third parties will not be repetitive. Similarly, pending motions to transfer under Section 1404 hold the promise to streamline this litigation to a greater extent. Several other alternatives to formal centralization are available to the parties, should the need arise. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Pat. Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* MANUAL FOR COMPLEX LITIGATION, FOURTH § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion for centralization of the actions listed on Schedule A is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell          Ellen Segal Huvelle
R. David Proctor             Catherine D. Perry

---

[3]   Defendants note that the accused infringing products include: air conditioners, baby monitors, battery chargers, door and window alarms, fitness watches, laptop computers, headphones, motion sensors, pet tracking devices, remote controls, smartphones running iOS, Android and Windows operating systems, speakers and washing machines.

[4]   Two of the patents, the '127 and '671 Patents, are asserted only against Apple. Similarly, the '134 and '158 Patents are asserted in only three cases.

**IN RE: UNILOC USA, INC., AND UNILOC LUXEMBOURG, S.A., HPE PORTFOLIO PATENT LITIGATION**

MDL No. 2830

## SCHEDULE A

<u>Northern District of California</u>

UNILOC USA, INC., ET AL. v. LOGITECH, INC., ET AL., C.A. No. 3:17‑06733
UNILOC USA, INC., ET AL. v. APPLE INC., C.A. No. 3:18‑00358
UNILOC USA, INC., ET AL. v. APPLE INC., C.A. No. 3:18‑00360
UNILOC USA, INC., ET AL. v. APPLE INC., C.A. No. 3:18‑00363
UNILOC USA, INC., ET AL. v. APPLE INC., C.A. No. 3:18‑00572
UNILOC USA, INC., ET AL. v. APPLE INC., C.A. No. 4:18‑00359
UNILOC USA, INC., ET AL. v. APPLE INC., C.A. No. 4:18‑00365

<u>District of Delaware</u>

UNILOC USA, INC., ET AL. v. MOTOROLA MOBILITY, LLC, C.A. No. 1:17‑01526
UNILOC USA, INC., ET AL. v. MOTOROLA MOBILITY, LLC, C.A. No. 1:17‑01527
UNILOC USA, INC., ET AL. v. PEEL TECHNOLOGIES, INC., C.A. No. 1:17‑01552
UNILOC USA, INC., ET AL. v. WINK LABS, INC., C.A. No. 1:17‑01656
UNILOC USA, INC., ET AL. v. MOTOROLA MOBILITY, LLC, C.A. No. 1:17‑01657
UNILOC USA, INC., ET AL. v. MOTOROLA MOBILITY, LLC, C.A. No. 1:17‑01658

<u>Southern District of Indiana</u>

UNILOC USA, INC., ET AL. v. EXCLUSIVE GROUP LLC, C.A. No. 1:17‑03962

<u>Eastern District of Texas</u>

UNILOC USA, INC., ET AL. v. HUAWEI DEVICE USA, INC., ET AL., C.A. No. 2:17‑00707
UNILOC USA, INC., ET AL. v. HUAWEI DEVICE USA, INC., ET AL., C.A. No. 2:17‑00714
UNILOC USA, INC., ET AL. v. HUAWEI DEVICE USA, INC., ET AL., C.A. No. 2:17‑00722

<u>Northern District of Texas</u>

UNILOC USA, INC., ET AL. v. LG ELECTRONICS U.S.A., INC., ET AL., C.A. No. 4:17‑00825
UNILOC USA, INC., ET AL. v. LG ELECTRONICS U.S.A., INC., ET AL., C.A. No. 4:17‑00826

- A2 -

<u>Northern District of Texas</u> (continued)

UNILOC USA, INC., ET AL. v. LG ELECTRONICS U.S.A., INC., ET AL.,
 C.A. No. 4:17‑00827
UNILOC USA, INC., ET AL. v. LG ELECTRONICS U.S.A., INC., ET AL.,
 C.A. No. 4:17‑00828
UNILOC USA, INC., ET AL. v. LG ELECTRONICS U.S.A., INC., ET AL.,
 C.A. No. 4:17‑00858

<u>Western District of Washington</u>

UNILOC USA, INC., ET AL. v. HTC AMERICA, INC., C.A. No. 2:17‑01558
UNILOC USA, INC., ET AL. v. HTC AMERICA, INC., C.A. No. 2:17‑01561
UNILOC USA, INC., ET AL. v. HTC AMERICA, INC., C.A. No. 2:17‑01562